IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER 1997 SESSION

FILED

October 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9609-CC-00316 |
| Appellee, | ) | |
| | ) | HARDEMAN COUNTY |
| VS. | ) | |
| | ) | |
| | ) | HON. JON KERRY BLACKWOOD, JUDGE |
| GARY POPLAR, | ) | |
| | ) | (Forgery) |
| Appellant. | ) | |

**FOR THE APPELLANT:**

**STEPHEN L. HALE**
James T. "Jim" Sanderson
 & Associates, P.C.
P. O. Box 331
101 Market Street
Bolivar, Tennessee 38008

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**ELIZABETH T. RICE**
District Attorney General

**JERRY W. NORWOOD**
Assistant District Attorney General
302 Market Street
Somerville, Tennessee 38068

**OPINION FILED:** _____

**AFFIRMED AS MODIFIED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

Defendant was convicted by a Hardeman County jury of forgery in the amount of $1,000, a Class D felony. The jury assessed a fine of $2,000, and the trial court sentenced defendant to forty (40) months as a Range II, Multiple Offender. Defendant presents for our review the issues of sufficiency of the evidence and the denial of alternative sentencing. We affirm the judgment of the trial court in all respects, except we modify the judgment to impose the minimum four (4) year sentence for this Range II offense.

## FACTS

Through the testimony of the victim, Joseph Harris, the state adduced the following proof. The victim and defendant had reached an agreement whereby defendant was to repair the victim's twenty foot by thirty foot (20' X 30') chicken house for $500. The victim supplied the material. As the work progressed defendant did additional repair work for the agreed amount of $50. Defendant worked on this project only two partial days with his helper and nephew working with him.

When the work was completed, the ninety-five (95) year-old victim had difficulty writing the check. On the third attempt, he asked defendant to fill in the check. Defendant obliged and showed the victim the face of the check which reflected the numeric and written amount of $550. The memo line was blank. With the victim's permission, defendant kept the pen he had used to write the check. When the defendant cashed the check, the amount had been altered to $1,550. The memo line read "Remolding [sic] house." Upon receipt of the canceled check, the victim discovered the discrepancy.

The defendant did not testify. Neither of the two witnesses for the defense actually heard the victim and defendant discuss the amount of payment. Donnie Wellington, defendant's helper, testified that the victim had said that other bids on the job had come in between $1,700 and $1,800. The victim had testified that one bid was $600 and another was $750.

2

Defendant's fifteen-year-old nephew testified that defendant cashed the check but showed him the check on the way to the bank. He testified that he remembered the numbers on the face of the check, "the $1,550," and that he had not seen defendant change it.

**SUFFICIENCY OF THE EVIDENCE**

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1,19 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. Id. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), the Tennessee Supreme Court stated, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact.

State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d at 476.

This case clearly turned on the credibility of the witnesses. The jury accredited the testimony of the victim and rejected the version given by the defendant's witnesses. This was their prerogative. The evidence clearly supported the jury's guilty verdict of forgery in the amount of $1,000. This issue is without merit.

## SENTENCING

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

(1)     [t]he evidence, if any, received at the trial and the sentencing hearing;

(2)     [t]he presentence report;

(3)     [t]he principles of sentencing and arguments as to sentencing alternatives;

(4)     [t]he nature and characteristics of the criminal conduct involved;

(5)     [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6)     [a]ny statement the defendant wishes to make in his own behalf about sentencing.

Although not addressed in the briefs of the parties, this Court notes that the forty (40) month sentence is not authorized for a Range II, Multiple Offender, for a Class D felony. The proper range of punishment is from four (4) to eight (8) years.

4

Tenn. Code Ann. § 40-35-112(b)(4). The judgment must, therefore, be modified to reflect a sentence of four (4) years.

The sole issue then is whether the trial court erred in denying alternative sentencing. Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. § 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*See* State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

In the case before us, the defendant had a lengthy criminal history, including four (4) prior felony (forgery) convictions as well as numerous misdemeanors. In its written Sentencing Order the trial court also noted that past efforts on probation were unsuccessful and that suspension of this sentence would "depreciate the seriousness of the offense." We wholeheartedly agree. This issue is without merit.

## CONCLUSION

The judgment of the trial court is affirmed in all respects, except the case is remanded for entry of a modified judgment reflecting a sentence of four (4) years instead of forty (40) months.

_____
**JOE G. RILEY, JUDGE**

5

**CONCUR:**

_____

**JOE B. JONES, PRESIDING JUDGE**


_____

**DAVID H. WELLES, JUDGE**